[No. 1.   Second Appellate District.—June 7, 1905.]

In the Matter of the Estate of MARTIN CASNER, Deceased. SARAH M. HATFIELD, and A. HATFIELD, Appellants, v. M. V. CASNER, Executor, Respondent.

ESTATES OF DECEASED PERSONS—DECREE SETTLING ACCOUNT AND DISTRIBUTING ESTATE—REVIEW UPON APPEAL.—A decree settling the final account of an executor and distributing the estate of the deceased testator will not be disturbed upon appeal unless the appellants show that their own interests in the estate have suffered by reason of the findings or decree of the court. They cannot object that the surviving wife, who is not before the court, has received less than she was entitled to, nor that they have received some part of the estate that should have gone to her.

ID.—TERMS OF WILL—INTEREST PAID TO SURVIVING WIFE.—Where by the terms of the will the money of the estate was to be loaned out and the surviving wife was to receive the interest as fast as it accrued, the executor was fully authorized in paying the interest to her.

ID.—COMPOUND INTEREST—RIGHTS OF WIDOW NOT REPRESENTED—MISAPPROPRIATION OF ESTATE NOT SHOWN.—The surviving wife being entitled to any compound interest received by the executor, only she or her legal representatives can be heard to complain as to the disposition thereof; and appellants cannot represent her interest, nor can they charge the executor with compound interest in the absence of any showing that he had misappropriated the funds of the estate.

ID.—EVIDENCE—ASSIGNMENT OF INTEREST-CLAIM OF WIDOW TO APPELLANTS—WANT OF CONSIDERATION—PRIOR DEED FOR SUPPORT—UNDUE INFLUENCE.—An assignment by the widow of her claim for interest to the appellants was shown to be without consideration for support, where it appeared that there was a prior obligation of appellants to support her for life in consideration of a deed from her to them; and where the evidence also tended to show that the assignment was procured by undue influence, the action of the trial court in excluding it from evidence will not be interfered with.

APPEAL from orders and judgments of the Superior Court of San Diego County settling the final account of an executor and distributing an estate.   E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

I Cal. App.—10

W. R. Andrews, Cassius Carter, and Carter & O'Farrell, for Appellants.

Hendrick, Wright & Schoonover, for Respondent.

GRAY, P. J.—This is an appeal from orders and judgments of the superior court settling the executor's account and directing distribution in the above-entitled estate.

It is objected, first, that the account does not show whence or how certain items with which the executor charges himself were obtained. As we understand it, about the only material objection to an item charged against the executor in his account that can be made by a person interested in the estate is that the item is not large enough. No objection of this character seems to be urged, and the other objection, as to uncertainty regarding the source of these items, is met by the evidence taken upon the hearing of the account and the findings of the court. The evidence and findings, taken together, satisfactorily explain the source of all those items with which the executor charges himself.

The amounts paid to Jane Casner, or appropriated by her, as stated in the account, were properly accounted for, and no vouchers for the sums received by her were necessary. Jane Casner was the surviving wife of the deceased, and was co-executrix with her son of decedent's will. She was also a beneficiary under the will, and by the terms thereof she was entitled to all the money appropriated by her. The will provided that the money of decedent loaned out was to be kept loaned out, and the surviving wife was to receive the interest as fast as it accrued. Under this provision of the will the executor was fully warranted in paying this interest to his mother as fast as it accrued, because it belonged to her from the beginning, and the contestants, who are other beneficiaries under the will, had no interest in it whatever. It is not contended that Jane Casner received anything out of the estate except this interest. Nor is it a material objection to the account that it shows that Jane Casner received less of this interest than she was entitled to. That, again, is no affair of the other beneficiaries, and does not tend to show that the executor has failed to account for anything in which the contestants here have any interest.

The fee of one hundred dollars allowed attorneys for preparation of account and for services in connection with the distribution of the estate was reasonable and proper, and appellants have no just cause for complaint thereat.

We can see no just ground for charging the executor with compound interest in the absence of any showing that he received compound interest on any of the moneys of the estate, or was guilty of some misappropriation of the funds or other property of the estate. Besides, as we have already seen, all the interest, compound or simple, belonged to Jane Casner, and her legal representatives are the only persons that can be heard to complain as to the disposition of such interest. The appellants here have no commission to represent the deceased Jane Casner; and the decree of the court below will not be disturbed unless the appellants show that *their* interests in the estate have suffered in some way by reason of the findings or decree of the court. Neither Jane Casner nor her legal representatives are before the court on this appeal. Neither can the appellants here be heard to complain because they received some part of the estate that should have gone to Jane Casner or her legal representatives.

There was evidence tending to show that the assignment of her ''claim to interest money'' from Jane Casner to appellants was procured by undue influence and without consideration. It was for the trial judge to determine the weight and value of this evidence; and we see no good reason for interfering with his conclusions in the premises, and can see no error in his rejecting the offered assignment as evidence. The consideration recited for this assignment of right to ''interest money'' in the estate of her deceased husband by Jane Casner was that she should be supported thereafter by the assignees. Those same assignees had some years before this accepted a deed and gone into possession of certain land from Jane Casner. One of the conditions of this deed, and part of the consideration therefor, was, that Jane Casner should live in the family of said assignees (who were her daughter and son-in-law), and should be supported out of said land during her ''natural life.'' Support which they were already bound to give her could hardly form a consideration for the further assignment of property by Jane Casner to the appellants.

Many other reasons are urged or hinted at in appellants'

brief for the reversal of the orders and judgments of the court. We have carefully examined them all and deem them not of sufficient importance to require special discussion.

The orders and judgments appealed from are affirmed.

Smith, J., and Allen, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 7, 1905.