[Civ. No. 310. Third Appellate District.—November 1, 1907.]

In the Matter of the Estate of ALMON LUTHER GOOD-RICH, Deceased. CLAYTON A. DOUGLAS and JOHN CRISMAN, Executors, Appellants, v. MARY ELIZA-BETH DRAKE, Respondent.

ESTATES OF DECEASED PERSONS—ACCOUNTS OF EXECUTORS—ALLOWANCE OF ATTORNEY'S FEES—VALIDITY OF STATUTE.—The act of March 22, 1905, amending section 1618 of the Code of Civil Procedure as to the commissions of executors and administrators, and adding section 1619 thereto, providing that "executors and administrators shall be allowed for fees of their attorneys for conducting ordinary probate proceedings the same amounts as are allowed by the last section as compensation for their own services," etc., is constitutional and valid and provides a uniform standard as to what shall be allowed to executors or administrators for the service of an attorney employed and paid by them.

ID.—ALLOWANCE FOR EXPENSES OF EXECUTORS—COURT HAS NO REVISORY POWER.—The allowance for the compensation of the attorney is made to the executors for money expended under the statute, and not to the attorney. If the sum expended does not exceed the statutory allowance, the court has no revisory power. Yet if the executors or administrators should agree with the attorney for a less compensation, they may pay the same, and, in such case, must be allowed the sum actually expended.

APPEAL from an order of the Superior Court of San Joaquin County, settling the accounts of executors. Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

F. O. Housken, and Plummer & Dunlap, for Appellants.

No appearance for respondent.

BURNETT, J.—Appellants state the case as follows:
"The question involved is the validity of the act of the legislature approved March 22, 1905, [Stats. 1905, p. 727], relating to expenditures by administrators and executors for and on account of the services of attorneys retained by them in the matter of the administration of estates."

"In the case at bar, the executors, appellants herein, retained as their attorney F. O. Housken, and had the benefit of his services in the conduct of all the legal proceedings pertaining to the said estate and agreed to pay him for such services the amount fixed by said Act of the Legislature, and did pay him such sum therefor but on the settlement of the account of the executors the court refused to allow the amount paid by them but allowed the sum of $150.00 for such purpose and surcharged the executors with the amount of $215.42, the difference between the amount paid by the executors as provided by the statute and the sum allowed by the court."

From the portion of the order and decree disallowing the full amount paid for the services of the attorney the appeal has been taken by the executors.

A brief historical review of the statutory regulation of the fees and expenses allowed executors and administrators is considered not inappropriate.

By an act passed April 22, 1850 (Stats. of 1850, p. 396), the legislature provided in section 220 thereof that an executor or administrator "shall be allowed all necessary expenses in the care, management and settlement of the estate and for his services such fees as the law provides," etc.

Section 222 of the same act prescribes the commissions to be allowed the executor when no compensation is provided by the will or when the executor renounces all claim thereto and provides that an administrator shall be entitled to the same commissions.

In 1851 (Stats. of 1851, p. 476) said section 220 was reenacted, as was also said section 222, except that the rate of commission was reduced.

On the adoption of the codes in 1873 said section 220 became section 1616 and said section 222 became section 1618 of the Code of Civil Procedure.

There was no change till 1880, when to said section 1616 there was added the following: "including reasonable fees paid to attorneys for conducting the necessary proceedings or suits in court."

In 1905 the phraseology of said section 1616 was changed somewhat, the fees provided in said section 1618 were reduced and there was added section 1619, which, as far as involved in this proceeding, is as follows: "Executors and administrators shall be allowed for fees of their attorneys for conducting

the ordinary probate proceedings, the same amounts as are allowed by the last section as compensation for executors and administrators for their own services."

The law as it exists now, it will be observed, provides a uniform standard for the determination of what shall be allowed for the services of an attorney instead of leaving it as formerly to the discretion of the court without any legislative guidance except the general limitation that the fees shall be "reasonable."

We are not concerned with the wisdom or policy of the law.

However, in view of the striking difference of opinion exhibited by trial judges in their rulings as to what constitute reasonable fees for such services, it would seem to be just and equitable for the legislature, if practicable, to provide for uniform and proportionate compensation to be paid for similar services in all estates.

As to the validity of the act in question there is no apparent reason why it should not be upheld. It seems to be within the domain of legitimate legislative enactment. The judicial department should, of course, refrain if possible from any unwarranted invasion of the function of the legislative department of the government. It has been often held that all doubts should be resolved in favor of the constitutionality of regularly enacted laws, and courts should be disposed to uphold rather than overthrow them. During all the years that the law has been in force it has not been questioned that it was and is a constitutional exercise of power for the legislature to provide for definite fees to be awarded to executors and administrators for their own services and also an allowance to be made to them for their necessary expenses in the administration of the estate including reasonable attorney's fees.

It seems clear that the two sections 1618 and 1619 of the Code of Civil Procedure must stand or fall together. We can see no difference in principle between an act establishing certain fees for the services of an executor and one providing what he shall be allowed as payment for the services of an attorney. The latter is as much a part of the necessary expense of administration as is the former. In fact, under our practice the services of an attorney are not only essential, but the burden and responsibility of his work are usually much greater than those of the executor or administrator. The effect of the

law is simply to allow the executor an additional fee for a certain expense of administration.

It is the same as though in one section it were provided that certain fees should be allowed the executor of which one-half should be for the expense of employing an attorney. There is no more reason, in our opinion, why the court should be clothed with discretion in fixing the value of the attorney's services rather than those of the executor. It is competent for the legislature to provide as it has done for both.

As to the validity of the act fixing the fees of executors the following quotations are sufficient: "The statutes in some jurisdictions prescribe the exact rate of compensation or percentage which shall be allowed and the courts cannot vary the amount which may be allowed except so far as they may be authorized to award special compensation for extraordinary services." (11 Am. & Eng. Ency. of Law, p. 1288.)

And in 2 Woerner on American Law of Administration, section 526, the author says: "But it would seem that the language of the statute in most states fixing the compensation of executors and administrators precludes all discretion in this respect."

"The court can neither add to nor in any wise vary the compensation directed to be allowed by the statute; it can neither allow nor disallow commissions scaled by the degree of skill or of vigilance, of good or bad faith, displayed in the management of the estate, unless such discretion is vested in the court by statute."

Again, as suggested by appellant, "all matters of probate, including rights of inheritance, succession, testamentary disposition of property and taxes upon inheritances are subject to statutory control." It is by virtue of the statute that the heir or devisee is entitled to receive any of the estate of the decedent, and the authority which thus regulates the disposition of such property can subject it to any reasonable condition or expense. This is the basic principle that justifies the legislature in providing uniform fees for the services of executors and their attorneys in the proper administration of estates.

Of course, we are not to be considered as holding that the courts would not interfere if it were manifest that the allowance was excessive and entirely disproportionate to the value

of the services performed. The discretion to be exercised by the legislature must be within reasonable limits. But we cannot say that the allowance provided for the services of an attorney is unfair or unreasonable, and hence there is no ground here for the revisory action of the court.

It may be observed that under the law the attorney has no claim against the estate, but the allowance is made to the executor on account of money actually paid by him to an attorney for services actually performed.

There is nothing in the law to prevent an executor from making a contract with an attorney to perform the legal services for the estate for less than the fees provided by the statute and in that event obviously he would be allowed only his actual expenditure.

But here the contract was for the full amount, and it was actually disbursed by the executors, and hence the reduction should not have been made by the court.

The order is reversed.

Chipman, P. J., and Hart, J., concurred.