[L. A. No. 4323. In Bank.—January 17, 1916.]

## In the Matter of the Estate of LOUISE M. MURPHY, Deceased.

ESTATES OF DECEASED PERSONS—ATTORNEY'S FEES OF ADMINISTRATOR—SERVICES IN OPPOSITION TO REVOCATION OF LETTERS.—Services performed by an attorney for an administrator of an estate in filing a brief in opposition to a petition for the revocation of his letters of administration and in the preparation of the order therein, are not the ordinary proceedings referred to in section 1619 of the Code of Civil Procedure. In such a contest, the public administrator of Los Angeles County, as administrator of the estate, was not acting as a trustee of the estate, but acting solely for his own interest or that of the municipality entitled under the charter to the fees of administration. Hence, the services so rendered constituted no basis for the allowance of the statutory fees.

ID.—ATTORNEY'S FEES NOT ALLOWABLE WHERE NO LEGAL SERVICES ARE RENDERED.—The estate of a deceased person is not properly chargeable with attorney's fees where the attorney claiming them gives no advice and renders no service to the estate or administrator thereof, the sole basis for his demand being that he permitted the administrator to sign his name to the petition for letters of administration and other documents prepared by the administrator, and to which the latter's signature as administrator would give them the same legal effect as though signed by the attorney.

ID.—ADMINISTRATOR NOT REQUIRED TO EMPLOY ATTORNEY—ESTATES ADMINISTERED BY PUBLIC ADMINISTRATOR OF LOS ANGELES COUNTY.—There is no law, statutory or otherwise, which requires an administrator to employ an attorney, and where a claim for statutory fees is presented for services rendered in conducting the ordinary probate proceedings, the burden, where objection is made thereto, rests upon the attorney to show that he has rendered such services. This rule

is applicable in estates administered by the public administrator of Los Angeles County, and to claims for attorney's fees made by the county counsel under section 21 of article VI of the county charter.

APPEAL from an order of the Superior Court of Los Angeles County refusing to allow an attorney's fee to the administrator of the estate of a deceased person. James C. Rives, Judge.

The facts are stated in the opinion of the court.

A. J. Hill, County Counsel, Roy V. Reppy, Assistant County Counsel, and Edward T. Bishop, Deputy County Counsel, for Appellant.

Charles C. Montgomery, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—Frank Bryson, administrator of the Estate of Louise Murphy, deceased, prosecutes this appeal from an order of court refusing to allow the item "Attorney's fees, statutory, $1142.18," set out in his final account as being by him incurred for attorney's fees for legal services rendered in conducting the ordinary probate proceedings in said estate.

The matter came on to be heard upon objections interposed to the administrator's final account and petition for distribution. The court made findings of fact upon which no attack is made. Appellant, however, insists that the order made is not supported by the findings. It appears that at all of the times in question Bryson was public administrator of Los Angeles County, in which capacity he administered the estate of deceased; that by section 14, article VI, of the county charter of Los Angeles County, there was created the office of county counsel, which office was, during the time of the administration, filled by A. J. Hill, and whose duties as such officer were prescribed by section 21, article VI, of such county charter, which provides: "The county counsel . . . shall also act as attorney for the public administrator in the matter of all estates in which such officer is . . . administrator, and the county counsel shall, in every such matter, collect the attorney's fees allowed therein by law and pay the same into the county treasury." The name of A. J.

Hill, but *not by him or his deputies*, was attached to all papers with his concurrence and with the intention on the part of said administrator of designating Hill as his attorney in the matter of said estate, as provided in said article VI, section 21, of said county charter. Prior to the filing of objections to the final account, all papers filed in said estate were prepared by said public administrator, or by his deputies and in his office, with the exception that said Hill, county counsel of the county of Los Angeles, prepared and filed in court a brief upon the legal questions raised by a petition filed in the proceeding asking for a revocation of the letters granted to said public administrator, and said A. J. Hill, county counsel, prepared the order which was signed by the judge of the court and filed, denying the petition for revocation of letters issued to the public administrator. Aside from this, said A. J. Hill, county counsel, did not, nor did any of his deputies, prepare any paper or make any appearance by personal presence in court, or give any legal advice, excepting in connection with said petition for revocation of letters aforesaid, concerning the administration of the estate. The public administrator, either personally or through his deputies, did, with the exception above noted, perform all the services which were performed in connection with the administration of said estate, and did not, except as stated, find it necessary to obtain assistance or advice from the said A. J. Hill, county counsel, or his deputies, upon any matters connected with the administration of the estate, though Hill was at all times ready to perform legal services in connection with such administration. As conclusions of law, the court found that no legal services had been rendered the public administrator in the conduct of the administration of said estate, and that neither Bryson, Hill, nor the county of Los Angeles is entitled to be allowed attorney's fees therein in any sum whatsoever.

The service performed in filing the brief in opposition to the petition for the revocation of letters of administration granted to Bryson and the preparation of the order therein, was not the ordinary proceeding referred to in section 1619, of the Code of Civil Procedure, and for which the fees are claimed. If regarded as extraordinary service, no fees were asked therefor. Moreover, in such contest the public administrator was not acting as a trustee of the estate of de-

ceased, but acting solely in and for his own interest or that of the municipality entitled under the charter to the fees of administration. (*Estate of Lermond,* 142 Cal. 585, [76 Pac. 488].) Hence, the services so rendered constituted no basis for the allowance of statutory fees.

The question then fairly presented upon the findings is this: Is the estate of a deceased person chargeable with attorney's fees where the attorney claiming them gives no advice and renders no service to the estate or administrator thereof, the sole basis for his demand being that he permitted the administrator to sign his name to the petition for letters of administration and other documents prepared by the administrator and to which the latter's signature as administrator would give them the same legal effect as though signed by the attorney? (Code Civ. Proc., sec. 1371.) Appellant quotes from *Estate of Goodrich,* 6 Cal. App. 730, [93 Pac. 121], where it is said: "Under our practice, the services of an attorney are not only essential, but the burden and responsibility of his work are usually much greater than those of the executor or administrator. The effect of the law is simply to allow the executor an additional fee for a certain expense of administration." While this is true, we know of no law which requires an administrator to employ an attorney, and conceding that where one is employed and acts as attorney his responsibilities are as great as those of the administrator, certainly the fact in this case that the administrator performed all the services himself without the assistance or advice of counsel, not only shows that no necessity existed for employing an attorney, but also shows, since he did nothing, the attorney claiming the fees assumed no burden or responsibility whatever. The fees demanded are the statutory fees provided by section 1619 of the Code of Civil Procedure, for services rendered in the conduct of the ordinary probate proceedings. This section provides that the court may make further allowance for "extraordinary services such as sales or mortgages of real estate, contested or litigated claims against the estate," etc. Upon the presentation of a claim based upon alleged extraordinary services, it would devolve upon the attorney to show that he had rendered the service, and in the absence of such showing it would be the duty of the court to disallow such claim. Likewise, where a claim for statutory fees is presented for

services rendered in conducting the ordinary probate proceedings, the burden, where objection is made thereto, rests upon the attorney to show that he has rendered such service. We know of no law, statutory or otherwise, which requires an administrator to employ an attorney; nevertheless, if it appears that he has employed an attorney who has rendered the ordinary service contemplated by the statute in such proceedings, he is entitled to the statutory fees. (*Estate of Goodrich,* 6 Cal. App. 730, [93 Pac. 121].) The charter provision does not purport to be a revenue measure in the interest of the county. It contemplates that the county counsel shall act—that is, do something in conducting the probate proceedings; and section 1619 of the Code of Civil Procedure contemplates that the attorney shall render some service in conducting the ordinary probate proceedings as a basis for his claim of compensation. Hill neither acted within the meaning of the charter nor performed any service whatsoever for the estate. In our opinion, it would be a travesty upon the law to uphold appellant's demand, based as it is upon a mere pretense that he has rendered professional service to said estate.

This view renders it unnecessary to discuss the question of the validity of the charter provision. Suffice it to say that, assuming Hill had, at the administrator's request, rendered services to the estate, then, conceding the act invalid as claimed by respondent, he would nevertheless be entitled to the fees provided by section 1619, since it would be immaterial what motive prompted the administrator in employing him.

As stated, the appeal is prosecuted by the administrator, whose right so to do is not questioned by the respondent. Whether or not he is an aggrieved party possessing the right of appeal, since the statutory changes in sections 1616 and 1619 of the Code of Civil Procedure, providing for the making of an allowance direct to the attorney out of the assets of the estate and as to which the administrator incurs no liability, is not decided.

The judgment is affirmed.

Shaw, J., Sloss, J., Melvin, J., Henshaw, J., Lawlor, J., and Angellotti, C. J., concurred.