[Civ. No. 2060. Third Appellate District.—November 28, 1919.]

In the Matter of the Guardianship of the Person and Estate
of WILLIAM L. BUNDY, Incompetent. WILLIAM L.
BUNDY, Appellant; M. P. BARNES, Guardian, Re-
spondent.

[1] GUARDIAN AND WARD — RESIDENCE OF INCOMPETENT — EVIDENCE —
FINDINGS—APPEAL.—Where, in a proceeding for the appointment
of a guardian of the person and estate of an incompetent person,
the evidence is sharply conflicting as to the residence of the in-
competent, the appellate court is bound by the conclusions of the
trial court.

[2] ID.—PROCEEDING FOR APPOINTMENT OF GUARDIAN—ALLOWANCE OF
ATTORNEY'S FEE.—In a proceeding for the appointment of a
guardian of the person and estate of an incompetent person, the
allowance of an attorney's fee to the petitioner is proper.

[3] ID.—RIGHT TO TRIAL BY JURY.—In a proceeding for the appoint-
ment of a guardian of the person and estate of a person claimed
to be mentally incompetent, the right of trial by jury does not
exist.

APPEAL from an order of the Superior Court of Sacra-
mento County appointing a guardian of the person and es-
tate of an incompetent person. Malcolm C. Glenn, Judge.
Affirmed.

The facts are stated in the opinion of the court.

Call & Call and Edw. F. Wehrle for Appellant.

Thomas B. Leeper and O. G. Hopkins for Respondent.

PREWETT, J., *pro tem.*—On petition of one Edna Miller, a niece, the above-named appellant was adjudged incompetent by the superior court of the county of Sacramento and a guardian appointed for his person and estate.

The appellant, Bundy, in his answer alleged that he was a resident of the county of Los Angeles and denied the jurisdiction of the court. In addition to this, he denied the allegations as to his incompetency and demanded, in writing, that the issues be tried before a jury. A jury was accordingly impaneled and a trial was had. The jury disagreed and the court thereupon announced that it regarded the verdict of a jury as advisory only and proceeded to determine the issues adversely to the appellant. Findings and judgment were filed in due course. The appellant appealed therefrom to the supreme court and that tribunal transferred the matter to this court for determination.

[1] 1. The claim of the appellant that he was a resident of the county of Los Angeles need be no further noticed than to say that the evidence bearing thereon is sharply conflicting, and, under well-established principles, this court is bound by the conclusions of the trial court.

[2] 2. The trial court allowed to the contestant a fee for the attorneys employed by her to present the petition, and the point is urged that this allowance is in contravention of a line of decisions in this state touching the question. It is quite true that such fees are not allowed in ordinary probate proceedings when they are incurred for the benefit of the person employing the attorney.

"Moreover, in such a contest, the public administrator was not acting as a trustee of the estate of the deceased, but acting solely in his own interest . . . hence the services so rendered constituted no basis for the allowance of attorney's fees." (*Estate of Murphy*, 171 Cal. 699, [154 Pac. 839]; *Estate of Byrne*, 122 Cal. 261, [54 Pac. 957, 1015].)

But in a guardianship application the interests to be considered by the court and the principles to be applied are quite unlike those in an ordinary administration. In the case of the death of a person someone succeeds to the estate and presumably will look after his own interests. An applicant for letters of administration acts in his own interest, but in the case of an application for letters of guardianship

the applicant acts for and on behalf of one who cannot act for himself. An incompetent person is helpless and the law must think and act for him. The filing of the petition and the hearing thereon are indispensable steps in the preservation of the trust fund. The court, as general conservator of the rights of incompetents and other helpless persons, is solicitous that an application be filed to the end that it may assume control of his estate and preserve it for the owner.

Even in the case of an ordinary administration, it has been held that the court may, in the exercise of its discretion, allow attorneys' fees in the case of a *bona fide* contest. (*Estate of Simmons,* 43 Cal. 543.) And section 1720 of the Code of Civil Procedure clearly authorizes the court in its discretion to order costs paid to any party "as justice may require." (*Estate of Berthol,* 163 Cal. 345, [125 Pac. 750].) In the case in hand, the chief matter before the court was the alleged incompetency of the appellant, and this issue was determined against him. The allowance of the attorney's fee to the petitioner was proper.

[3] 3. It is insisted that the court erred in taking the matter away from the jury and itself deciding the issue. This constitutes the chief and only really important question in the case.

It is clearly seen from an examination of the authorities in this state that, in probate and guardianship proceedings, the right to move for a new trial, the right to demand a trial by jury, and the duty of the court to file written findings, in cases in which no jury is demanded, are each and all coexistent in a given case and each depends upon the further point as to whether or not the code expressly authorizes written issues or objections. Authorities upon any one of these four points are decisive of the law as to all of them.

It is settled law in this state that probate proceedings are special in their nature and purely statutory in their origin. (*Smith* v. *Westerfield,* 88 Cal. 379, [26 Pac. 206]; *Estate of Strong,* 119 Cal. 667, [51 Pac. 1078]; *Reither* v. *Murdock,* 135 Cal. 201, [67 Pac. 784]; *Estate of Dolbeer,* 153 Cal. 657, [15 Ann. Cas. 207, 96 Pac. 266]; *Curtis* v. *Schell,* 129 Cal. 220, [79 Am. St. Rep. 107, 61 Pac. 951]; *Clark* v. *Superior Court,* 20 Cal. App. 309, [128 Pac. 1018]; *Matter*

*of O'Connor,* 29 Cal. App. 233, [155 Pac. 115].) Proceedings in guardianship are "probate proceedings," and are governed by the provisions of the general probate law.

"It is long established by a uniform and unbroken line of authorities in this state that appeals in probate proceedings, which, of course, include proceedings in guardianship, are governed exclusively by these sections of the code." (*Estate of Dunphy,* 158 Cal. 3, [109 Pac. 628].)

Section 1008 of the Code of Civil Procedure expressly provides that the provisions of the probate act relative to the estates of deceased persons, so far as they relate to the practice in the superior courts, shall apply to guardianship proceedings. The following sections of the Code of Civil Procedure are pertinent to the inquiry as to the right of a party to a jury trial in guardianship proceedings:

"Sec. 1716. All issues of fact joined in probate proceedings must be tried in conformity with the requirements of article two, chapter two of this title, etc."

"Sec. 1717. If no jury is demanded, the court must try the issues joined, and sign and file its decision in writing, as provided in sections six hundred and thirty-two and six hundred and thirty-three. If, on written demand, a jury is called by either party, and the issues are not sufficiently made up by the written pleadings on file, the court, on due notice to the opposite party, must settle and frame the issues to be tried, and submit the same, together with the evidence of each party, to the jury, on which they must render a verdict. Either party may move for a new trial, upon the same grounds and errors, and in like manner, as provided in this code for civil actions."

The section just quoted provides for three distinct proceedings, to wit: (a) the filing of written findings in court cases; (b) trial by jury, and (c) a motion for a new trial, and it implies a fourth, (d) the necessity for written issues in the cases to which it relates. There are three general classes of probate proceedings in this state with reference to the right of trial by jury. In the first class are those in which express provision is made for jury trials, such as the contest of a will before probate, the contest of a will after probate, and proceedings under section 1766 of the Code of Civil Procedure, for the restoration to competency of a person theretofore adjudged to be incompetent. (See

secs. 1312, 1330, and 1766, Code Civ. Proc.) In the second class are all those cases wherein a jury may be demanded under sections 1716 and 1717, above quoted. These are the cases in which written issues must be framed and in which a party can move for a new trial and in which, if tried before the court, written findings of fact must be filed. An example of this class is the case of a petition for partial distribution. (*Estate of Baird*, 173 Cal. 622, [160 Pac. 1078].) In the third and largest class are embraced all those matters in the trial of which a party has not the right to demand a jury, such as settlement of accounts, family allowances and exemptions, admeasurement of homesteads, etc.

The court is relieved, at the outset, from any concern as to a possible invasion of the constitutional right of the appellant to a trial by jury, since it is well established that this right extends to those cases only in which a right of trial by jury was recognized at common law.

"The right of trial by jury in probate proceedings did not exist at common law. It exists in this state only when given by some statute." (*Estate of Baird, supra.*)

"It has been held that the right of trial by jury is secured by the constitution only in cases in which it had previously existed in the administration of justice, according to the course of the common law. Probate matters belonged to the ecclesiastical jurisdiction, where a jury was not a right." (*Estate of Moore*, 72 Cal. 335, [13 Pac. 880].)

"It follows, then, in the absence of a statute providing for a trial by jury, that probate proceedings have always been heard by the court without the intervention of a jury. Only in probate proceedings where the statute expressly confers the right to a trial by jury does the right exist." (*Estate of Dolbeer*, 153 Cal. 657, [15 Ann. Cas. 207, 96 Pac. 266]; *Matter of O'Connor, supra.*)

In a clear and extended exposition of this question Mr. Justice Hart, speaking for this court in the last-mentioned case, shows that the right to a trial by jury in a case analogous to this did not exist at common law. The following extract therefrom is illuminative of the question:

"The theory upon which such inquisitions were conducted in a summary manner without the aid of a jury, was, doubtless, that the proceeding does not involve an inquiry as to

whether a crime has been committed, nor was the commitment of the patient intended as a punishment, but that its purpose was for the sole benefit of the patient by facilitating the proper treatment for his disease and at the same time protecting his estate from being lost or destroyed by that improvidence which necessarily accompanies a defect of will or understanding or by impositions practiced upon the incompetent, etc."

And further: "The proceeding does not involve a trial, but in analogy to the common-law proceeding in insanity cases is a mere inquisition, by way of a special proceeding, the determination of which should be left, as the law intends, largely to persons possessing the learning of experts and not to laymen, of whom juries are ordinarily composed, and who do not, nor are they expected to, possess the training and learning essential to a just and intelligent solution of a scientific question, such as is necessarily involved in a proceeding whose purpose is to ascertain and determine whether a person, from whatever cause, is suffering from some serious mental infirmity."

In *Ex parte Ah Peen,* 51 Cal. 280, the supreme court held that a proceeding for the commitment of a person to a state reform school is not one in which a right of trial by jury exists.

4. It remains, then, to inquire whether the appellant is entitled to a trial by jury under any provision of the statute. There are no probate provisions which relate to a general right of trial by jury, other than those herein quoted; hence, if appellant has the right at all, it is by virtue of the provisions of sections 1716 and 1717. We think it clear that these sections do not provide for a jury trial in incompetency proceedings. Sections 1763 and 1764 of the Code of Civil Procedure, under which the proceeding was instituted, make no provision for objections or answer of any kind, whether written or oral, nor do they provide for the filing of findings by the court. On the contrary, they clearly imply that the court must proceed to determine the truth of the allegations of the petition, even though no objections be filed by anyone. In other words, they make no provision for the making up of issues of fact, and, since the court must determine the truth of the allegations of the petition in any event, there remains no office for issues to

perform, even if they were authorized. If the code does not expressly provide for issues of fact, the right to a jury trial does not exist.

"We think it must be taken as established by the decisions that, in any probate proceedings in which the statute authorizes the formation of issues of fact, either party is, under sections 1716 and 1312, entitled to a jury trial at his option." (*Estate of Baird,* 173 Cal. 622, [160 Pac. 1078].)

"We are satisfied that it must be taken as established in this state that, under our law as it now exists, a motion for a new trial of any issue of fact actually made and determined in any proceeding in probate will lie when the law expressly authorizes issues of fact to be framed in such proceeding." (*Carter* v. *Waste,* 159 Cal. 23, [112 Pac. 727].)

In the *Estate of Franklin,* 133 Cal. 585, [65 Pac. 1081], it is distinctly held that the reasoning as to the right of trial by jury clearly includes a motion for a new trial. In the *Estate of Land,* 166 Cal. 538, [137 Pac. 246], the court held that a contestant of a will was not entitled to submit to the jury the question as to the fact of his interest in the estate.

"The provisions relating to the right to move for a new trial and those upon the right of trial by jury are similar, the two propositions are cognate and are governed by the same principles." (*Estate of Baird, supra.*)

Further along in the same opinion the court says: "We think it must be taken as established by the decisions that, in any probate proceeding in which the statute authorizes the formation of issues of fact, either party is, under sections 1716 and 1312, entitled to a jury trial at his option."

In the case before the court, written objections were filed by the appellant, but the court, in *Leach* v. *Pierce,* 93 Cal. 618, [29 Pac. 235], held that unauthorized objections do not raise issues within the meaning of the code. *In re Moore,* 72 Cal. 340, [13 Pac. 880], lays down a similar rule. The *Estate of Dolbeer,* 153 Cal. 657, [15 Ann. Cas. 207, 96 Pac. 266], contains a valuable review of the legislation leading up to the present enactments.

The statutes furnish a number of instances in the case of special proceedings, wherein a party may call a jury sub-

sequently to the original adjudication. For instance, in proceedings for the commitment of a person to a state hospital for the insane, no provision is made for a trial by jury, but, if committed, he may immediately call for a re-examination of the question before a jury. So, also, in a contest of a will filed after the will has been admitted to probate, the contestant may call a jury if no jury was called to try the original issue.

Lastly, although no provision is made in section 1763 for trial by jury, a person declared under that section to be incompetent may have the question as to his restoration to competency tried before a jury, as provided in section 1766. The fact that the legislature has seen fit to provide, *ex industria*, for a jury trial in restoration proceedings, raises a strong implication that it deliberately intended to deny a jury trial in the original inquiry.

The conclusion of the court is that proceedings under section 1763 are controlled by the general provisions of the probate law; that no authority exists for the filing or joinder of issues of fact therein, and, hence, that in such proceeding the right of trial by jury does not exist. The trial court committed no error in trying the issues tendered by the petition without the aid of a jury.

The order appealed from is affirmed.

Ellison, P. J., *pro tem.*, and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 26, 1920.

All the Justices concurred, except Kerrigan, J., *pro tem.*, who was absent.