[Civ. No. 2064. Third Appellate District.—February 2, 1920.]

WILLIAM L. BUNDY, Petitioner, v. M. P. BARNES, Guardian, etc., et al., Respondents.

[1] SUPERSEDEAS—RESTRAINT OF GUARDIAN FROM ACTING PENDING APPEAL FROM ORDER APPOINTING—AFFIRMANCE OF ORDER—DISMISSAL OF PETITIONS FOR RESTRAINING ORDERS.—A petition by a person adjudged incompetent to secure a restraining order restraining the person appointed guardian of his person and estate from intervening in and the superior court from proceeding further with a certain action pending in said court, pending the hearing of an appeal from the order appointing such guardian, will be dismissed where the order appointing such guardian has been affirmed.

APPLICATION for a Writ of Supersedeas. Petitions dismissed.

The facts are stated in the opinion of the court.

A. J. Mitchell and Mattison B. Jones for Petitioner.

Benjamin E. Page, Arthur C. Hurt, Arthur F. Coe and Thomas B. Leeper for Respondents.

PREWETT, J., *pro tem.*—This proceeding, although entitled as a separate matter, is, in fact, ancillary to the matter of the *Estate of Bundy,* 44 Cal. App. 466, [186 Pac. 811].

The purpose of the petitioner was to secure a restraining order restraining said guardian and said superior court from proceeding further with an action, pending in said court, entitled Hellman Commercial Trust and Savings Bank against Security Trust and Savings Bank, pending the hearing of above estate matter on appeal.

The supreme court issued the temporary restraining order as prayed for and the matter was subsequently transferred to this court.

On December 13, 1919, the above-named guardian filed his cross-petition asking that said superior court be further restrained and this court issued its additional restraining order in conformity with the prayer of said cross-petition.

[1] This court affirmed the order of the lower court in appointing a guardian for the person and estate of said incompetent (*Estate of Bundy, supra*), and this rendered unimportant all the questions involved in this auxiliary proceeding.

The return filed by the superior court of the county of Los Angeles shows that the orders complained of have been vacated and set aside, hence it is unnecessary to determine whether or not an appeal court can issue its *supersedeas* to a lower court that is a stranger to the appeal.

Likewise, the action of this court in upholding the power of the guardian to represent the incompetent makes it profitless to determine to what extent, if any, he might have intervened in said Hellman suit.

The petitions herein are dismissed.

Ellison, P. J., *pro tem.*, and Burnett, J., concurred.