[Civ. No. 11301.  Second Appellate District, Division One.—August 16, 1937.]

THE EXCHANGE NATIONAL BANK OF TULSA (a Corporation), Appellant, v. A. E. HURLEY, Respondent.

Mathes & Sheppard and Lloyd Melvin Smith for Appellant.

A. S. Goldflam for Respondent.

DORAN, J.—Plaintiff appeals from a judgment of dismissal after the sustaining of a demurrer to the complaint without leave to amend, notwithstanding an application for leave to amend.

The action was based on the endorsement of a promissory note. The transaction, which included the making of the note as well as the endorsement thereof by defendant, took place in the state of Oklahoma. The promissory note contained the provision that all endorsers "agree and consent that, after maturity, the time for its payment may be extended from time to time by agreement between the holder and any of them, without notice". Defendant relied upon the four-year statute of limitations (subd. 1, sec. 337, Code Civ. Proc.), which defense was complete if the due date on the note was conclusive. According to the maturity date on the face of the note, the action was commenced nineteen days after the expiration of the four-year period.

It is contended by appellant, however, that the maturity date had been extended by agreement between the maker and the plaintiff, and that an opportunity which was sought to correct the complaint in this regard was denied by reason of the trial court's ruling.

Plaintiff's contention must be sustained for the reason that if, as pointed out in the special demurrer, such complaint was insufficient by reason of the bar of the statute of limitations, plaintiff, under the circumstances, having applied for leave to amend, was entitled to an opportunity to so amend

by alleging, with more particularity, the facts upon which it relied to toll the running of the statute.

For the foregoing reasons the judgment is reversed.

Houser, P. J., and York, J., concurred.