[Civ. No. S. C. 64.   Second Appellate District, Division One.—May 5, 1938.]

In the Matter of the Estate of ELIZABETH J. HERBST, Deceased.   LOUISE B. MITCHELL, Administratrix, etc., et al., Appellants, v. ETTA B. SEIB et al., Respondents.

William Ellis Lady, *in pro. per.*, for Appellants.

Mier & Schaper for Respondents.

WHITE, J.—This is an appeal by Louise B. Mitchell, administratrix of the estate of Willis S. Mitchell, deceased, who during his life and at the time of his death was executor of the estate of Elizabeth J. Herbst; and also by William Ellis Lady, attorney for said executor, from that portion of an order in probate made by the Superior Court of Los Angeles County denying the allowance of any extraordinary fees to either the executor or his attorney.

The petition for extraordinary fees contained the following averments:

"That the said William S. Mitchell as such Executor and the said William Ellis Lady as his attorney have performed a large amount of extraordinary services in the settlement of said estate; that no amount has ever been fixed therefor and that the court should now fix the amount thereof and order same paid.

"That although the said William Ellis Lady appeared as counsel for the said Willis S. Mitchell in the various and sundry matters affecting said estate, the said William S. Mitchell also took an active part in all legal matters and was present in court the same number of days that the said William Ellis Lady appeared as counsel in the prosecution and defense of actions brought for and on behalf and against said estate."

The sole ground upon which the probate court denied extraordinary fees was that the petition therefor did not state facts sufficient to justify such allowance.

Sections 902 and 910 of the Probate Code authorize the court to allow such amounts as the court may deem just and reasonable for extraordinary services rendered by an executor and his attorney.

While it may be conceded that a petition for such allowance need not state the facts in support thereof with all the preciseness and detail required in a complaint, and that the sufficiency of such a petition need not be tested by the rules applicable to pleadings, still it is the duty of a petitioner for such fees to state with sufficient particularity his claim for extraordinary compensation so that the court, as well as those interested in the estate and who are authorized to object thereto, may be informed fully of the nature of the extraordinary services allegedly rendered, as well as of the necessity and value of such services to the estate, and be thereby enabled to distinguish the items which are a proper charge from those which may be unjust and improper.

The petitioner in such a proceeding is charged with the burden of proof as to the necessity of the services, and there should be a full and complete disclosure of the extent and character thereof, from which the court may properly determine the just and reasonable amount to be allowed. (*Estate of Murphy,* 171 Cal. 697, 700 [154 Pac. 839]; *Estate of Partridge,* 31 Or. 297 [51 Pac. 82]; Bancroft's Probate Practice, vol. II, p. 816, notes 13 to 15, incl.) The petition before us falls far short of these standards.

Appellants' second ground of appeal, however, presents a more serious question, and that is whether the trial court abused its discretion in denying petitioners' motion for leave to amend their petition. In that connection, it appears that during the hearing the court announced that in its opinion the petition did not state sufficient facts; whereupon Mr. Lady, representing petitioners, moved the court for permission to amend the petition, and which motion was thereupon denied.

While it is the rule that the granting of permission to amend pleadings is a matter within the sound discretion of the trial court (*Doolittle* v. *McConnell,* 178 Cal. 697 [174 Pac. 305]), courts should allow amendments liberally to the end that justice may be achieved. Where, as in the instant case, the objection to the petition went only to the fact that the nature of the services allegedly rendered was not set

forth with sufficient particularity, and where there had been no previous motions to amend, the court should have granted petitioners' motion for such leave, because they were entitled to an opportunity to amend their petition by alleging with more preciseness the facts upon which they relied for their claims for extraordinary services. (*Exchange Nat. Bank of Tulsa* v. *Hurley*, 22 Cal. App. (2d) 321 [70 Pac. (2d) 975].)

For the reasons last stated, that portion of the order denying fees for extraordinary services to the executor and his attorney, from which this appeal is taken, is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

York, P. J., and Doran, J., concurred.