[Civ. No. 21590.　First Dist., Div. Three.　July 1, 1964.]

Estate of MARION DODD GOPCEVIC, Deceased. LIL-
LICK, GEARY, WHEAT, ADAMS & CHARLES et al.,
Plaintiffs and Appellants, v. AUGUSTUS L. CASTRO
et al., Defendants and Respondents.

Lillick, Geary, Wheat, Adams & Charles and Robert R. Vayssie for Plaintiffs and Appellants.

Cooley, Crowley, Gaither, Godward, Castro & Huddleson and Ronald L. Jacobson for Defendants and Respondents.

DRAPER, P. J.—Four of the five beneficiaries of the testamentary trust which received the residue of this estate employed appellant attorneys, in part to resist the application of the executors and their attorneys for extraordinary fees totalling $100,000. Appellants investigated the issue and negotiated with the executors' attorneys. The probate court allowed $57,435, rather than the $100,000 originally sought. There was no contested hearing, and appellants allege that the lower fee was the result of ''negotiated adjustment'' with the executors and their attorneys. Appellants then sought payment from the estate, as an expense of administration, of fees of $9,500 for their services in negotiating the reduction. The probate court found that appellants' services were rendered for their clients ''and did not benefit the estate.'' Appellants' petition was denied.

Unquestionably, a probate court may apply the equitable principle that one who incurs expense for counsel fees in protecting, preserving or increasing a fund, for the benefit of himself and others, may be reimbursed from the fund, thus compelling all who benefit to bear their share of the fair cost of such litigation (*Estate of Reade,* 31 Cal.2d 669 [191 P.2d 745]). It is also clear that the rule is not limited to litigation which increases the estate, but applies also to preserving or protecting it by preventing payment of excessive fees to the personal representative or his counsel (*Estate of Lundell,* 107 Cal.App.2d 463 [237 P.2d 62] ; *Estate of Swanson,* 171 Cal. App.2d 437, 441 [340 P.2d 695]).

But the rule applies only when the services in fact benefit the estate. Here the probate court expressly found that there

282

was no such benefit. If this finding is supported, the appeal must fail.

Of course, a reduction in amounts expended benefits the estate. ■ It is appellants' burden, however, to show that their intervention effected this reduction—that the probate court would have granted more than $57,435 in the absence of the negotiated reduction in the requests (see *Estate of Witting*, 130 Cal.App.2d 521 [279 P.2d 180]).

■ Extraordinary fees may be allowed only "as the court may deem just and reasonable" (Prob. Code, § 902). Allowance of such compensation is not mandatory (*Estate of Fulton*, 23 Cal.App.2d 563, 567 [73 P.2d 664]), but is discretionary with the probate court (*Estate of Walker*, 221 Cal. App.2d 792, 795 [34 Cal.Rptr. 832]). Even when no objection is made, it is the duty of the probate court to allow for extraordinary services only such sums as are reasonable (*Estate of Harrison*, 103 Cal.App.2d 12, 18 [228 P.2d 881]) and although expert evidence as to the value of such services is uncontradicted, the court may fix a lower fee (*Estate of Pomin*, 33 Cal.App.2d 544, 546 [92 P.2d 479]). The applicant for extraordinary fees has the burden of proof (*Estate of Herbst*, 26 Cal.App.2d 249, 251 [79 P.2d 139]).

■ The probate judge here had full knowledge of the services rendered by the executors and their attorneys. He knew the value and character of the estate. He could well have determined that, lacking any opposition, he would have granted at least as little as was awarded after appellants' negotiation. There is no question that reduction of the allowance benefitted the estate, but the probate court found that this benefit did not result from the efforts of appellants. The court whose discretion determined the amount of the award is peculiarly qualified to know what motivated it. We cannot disturb its findings (see *Estate of Witting, supra*).

Order affirmed.

Salsman, J., and Devine, J., concurred.