[Civ. No. 24329.   First Dist., Div. Two.   July 25, 1967.]

Estate of FREDERICO MORININI, Deceased. CHRISTO-PHER H. HILL, JR., as Public Administrator, etc., Petitioner and Respondent, v. CAROLINA MORISOLI, as Administratrix, etc., Objector and Appellant.

John R. Swendsen for Objector and Appellant.

M. Michael Meheen for Petitioner and Respondent.

TAYLOR, J.—On this appeal by the administratrix of the estate of the decedent from an order directing her to pay $250 for legal services rendered to the public administrator and $12 costs of filing his unsuccessful petition, the only question is whether the court abused its discretion.

The facts are not in dispute. The decedent, Frederico Morinini, also known as Fred Morinini, a resident of Monterey County, died intestate on May 27, 1966, leaving considerable property. At the time of his death, all of his heirs, including his surviving spouse, were residents of Switzerland.

Respondent, the Public Administrator of the County of Monterey, after contacting appellant, the sister of the surviving spouse, took possession of the decedent's property, pursuant to sections 422 and 1140 of the Probate Code (the perti-

nent portions of which are set forth below).[1] At that time, appellant agreed that respondent should apply for letters of administration and respondent retained Elwood J. Wilson as attorney to file the necessary petition and give notice of the hearing and other matters as required.

On June 29, 1966, Wilson received a telephone call from appellant's attorney who indicated that he was filing a petition for letters on behalf of appellant as the nominee of the surviving spouse. The court heard both petitions, granted appellant's petition, denied respondent's, and subsequently entered its order directing appellant to pay the legal fees and court costs incurred by respondent in filing the first petition. The only question presented is whether this order constituted an abuse of the probate court's broad discretion to fix fees (*Estate of Gonzales,* 93 Cal.App.2d 440, 443 [209 P.2d 21]).

The applicable rules are set forth in the leading case of *Estate of Simmons,* 43 Cal. 543, wherein the court disallowed the attorney's fees of the public administrator, Hollub, stating at pages 547 and 548: ''But the compensation allowed to an attorney for services in obtaining letters of administration for Hollub cannot be supported. The statutes regulating the settlement of estates of deceased persons, provides for the employment of attorneys in the Probate Court, at the expense of the estate, in certain enumerated instances only, and in those instances it will be found that the attorneys do not represent the administrator—they are appointed by the Court, and their general duties are not to aid the administrator but rather to resist his proceedings in so far as such proceedings may appear to be hurtful to the interests of the estate, or not warranted by the rules of law.

---

[1]Section 422: ''Administration of the estate of a person dying intestate must be granted to one or more of the following persons, who are entitled to letters in the following order, the relatives of the decedent being entitled to priority only when they are entitled to succeed to the estate or some portion thereof:

''(1) The surviving spouse, or some competent person whom he or she may request to have appointed.

''. . . . . . . . . .

''(8) The public administrator.''

Section 1140: ''The public administrator of each county must take immediate charge of the property within his county of persons who have died, when no executor or administrator has been appointed, and in consequence thereof the property, or any part thereof, is being wasted, uncared for, or lost; and of all estates ordered into his hands by the court. He shall apply for letters of administration upon the estates of decedents who have no known heirs, when the superior court of his county has jurisdiction thereof, and may apply for such letters upon any other estate which he is entitled to administer.''

"But the employment of an attorney, for the mere purpose of procuring letters of administration, is a contract made in advance of any authority on the part of the client to deal with the assets of the estate in anywise. His application may not be successful, and in that case it would hardly be pretended that the estate is to be bound for the attorney's fees. *Where a bona fide contest as to the right to administer has arisen and been determined, in which the employment of counsel was necessary, it may be in the discretion of the Court to allow the necessary expenses of all the parties concerned, including a reasonable counsel fee*; but this has no reference to the mere ordinary proceedings to obtain letters of administration, in which no such circumstances appear, and, whether the application be successful or not, the estate is not to be charged with the fees of the attorney for the applicant." (Italics added.)

Respondent contends that there was a bona fide contest as to the right to administer and thus argues that the exception to the general rule, as noted in *Simmons,* gives the court the discretionary authority to allow attorney's fees and costs (*In re Bundy,* 44 Cal.App. 466 [186 P. 811]; 1 Condee, Cal. Probate Practice, § 105, p. 98). We cannot agree. The record indicates that respondent here employed attorney Wilson for the sole purpose of filing a petition and procuring letters of administration pursuant to the public administrator's statutory duty (Prob. Code, § 1140) and it would appear that the two petitions of the parties were merely submitted for the court's determination at the probate hearing without any evidence relating to a contest having been adduced. The mere preparation of the petition, together with notice of hearing, does not constitute a sufficient rendition of legal services to make them chargeable to the estate (*Estate of Murphy,* 171 Cal. 697 [154 P. 839]).

Before the hearing, Wilson had been notified of appellant's nomination by the surviving spouse. There is no question as to the nominee's priority over the public administrator (Prob. Code, § 422) and unless the public administrator was prepared to challenge the nominee's qualification at the hearing, he should have dismissed his petition. The fact that appellant had consented to the filing of respondent's petition is of no significance since appellant had no rights other than those subsequently given her by the surviving spouse.

Respondent argues that there was a bona fide contest

because his opposition to appellant's petition was made in good faith, as he had been advised by friends of the decedent that the surviving spouse had abandoned decedent and returned to Switzerland in 1948, had not been supported by the decedent since that time, and that she was mentally incompetent. We do not question respondent's good faith and zeal in carrying out his statutory duty to protect the interests of the nonresident heirs in the estate of the decedent. The record before us, however, does not indicate that at the hearing respondent made any showing to support these hearsay declarations concerning the incompetence or desertion[2] of the surviving spouse, or contested the nomination of appellant in any manner. Nor was there any showing that the property of the deceased was such that respondent had to take charge to conserve it pending the hearing on his petition. If so, respondent could have filed for special letters (Prob. Code, § 460) and would then have been entitled to reimbursement for the attorney's services actually rendered to the estate (Prob. Code, § 467).

We conclude that it was not within the trial court's discretion to direct appellant to pay attorney's fees and costs to respondent's attorney, and the order is reversed.

Shoemaker, P. J., and Agee, J., concurred.

---

[2]Even assuming that her desertion had been established, and the earnings of the decedent, after her unjust abandonment, been regarded as separate property (Civ. Code, § 175) so that there was a potential conflict of interest between appellant as the nominee of the surviving spouse and the decedent's collateral heirs (entitled to one-half of his separate property, Prob. Code, § 223), appellant would not be disqualified from obtaining letters of administration. She had no interest in the estate but was a mere stakeholder (*Estate of Cole*, 240 Cal.App.2d 324, 331 [49 Cal.Rptr. 419]).