[No. 14474.   Department One. — August 15, 1892.]

JOHN GUIDERY, ADMINISTRATOR, ETC., RESPONDENT,
v. R. M. GREEN, APPELLANT.

ACTION TO DISSOLVE PARTNERSHIP — AGREEMENT SUPERSEDING PARTNER-
SHIP CONTRACT — AMENDMENT OF ANSWER UPON TRIAL. — In an action
for a dissolution and accounting of an alleged partnership, based upon
the violation of a written agreement entered into by the defendant with
the plaintiff's intestate, where the defendant denied the partnership, and
set up as one of his defenses that the alleged agreement had been super-
seded and annulled by a subsequent written agreement between plaintiff,
defendant, and a third party, and upon the trial, after having proved the
execution of the subsequent agreement, sought to show by oral testimony
that it had been executed upon the consideration and agreement that the
first agreement should be canceled, and all claims of plaintiff's intestate
against the defendant waived thereunder, but an objection was made to
the testimony, upon the ground that it was incompetent, and not respon-
sive to any of the issues raised by the pleadings, which objection was
sustained, it is error for the court to refuse to allow the defendant to
amend his answer so as to obviate the objection that the evidence was
not within the issues.

ID. — AMENDMENT TO ALLOW PROOF OF DEFENSE — SURPRISE — CONDITION
OF AMENDMENT. — The court should allow the defendant to make amend-
ments to his answer, to enable him to prove facts which will constitute
a defense to plaintiff's demand; and if by reason of such amendments the
court is satisfied that the plaintiff is taken by surprise, and requires fur-
ther time to prepare to meet the defense, it can continue the case, and
impose such terms as will compensate plaintiff for the expense and delay
caused thereby.

ID. — DUTY OF COURT — CORRECTION OF DEFECTIVE LANGUAGE — DEFENSE
KNOWN TO ADVERSARY. — It can very rarely happen that a court will be
justified in refusing a party leave to amend his pleading so that he may
properly present his case, and obviate an objection that the facts which
constitute his cause of action or his defense are not embraced within the
issue, or properly presented by his pleading.   This rule is especially co-
gent when the objection to testimony is not that it is then for the first
time brought to the notice of the adversary, but that by reason of the
language of the pleading it is not within the terms of the issue.

ID. — PAROL EVIDENCE — NEW WRITTEN CONTRACT — SUPERSEDING FORMER
BY ORAL AGREEMENT. — Parol evidence offered for the purpose of show-
ing that a subsequent written contract, which it is claimed superseded
and annulled a prior written contract upon which the action is based,
had been executed upon the consideration and agreement that the prior
contract should be canceled, and all claims of the plaintiff against the
defendant thereunder waived, is not incompetent as having the effect to
vary or contradict the terms of either of the written instruments, or to
add any terms thereto.

ID. — EXECUTED PAROL AGREEMENT — CANCELLATION OF WRITTEN CON-
TRACT — SUBSTITUTION OF NEW CONTRACT — NOVATION. — It is compe-
tent to show by parol evidence that the former written contract was

canceled as between the parties, and has no longer any existence, and to show an oral agreement for the substitution of a new written contract that was fully executed by the substitution, which is, in effect, to prove a novation.

ID. — CONSIDERATION OF WRITTEN CONTRACT — PAROL EVIDENCE. — It is competent to show that the oral agreement was the consideration upon which the new written contract was executed, the instrument being itself silent upon the subject of its consideration.

ID. — COLLATERAL PAROL AGREEMENT. — Proof of a collateral parol agreement, or of any independent fact which is not inconsistent with or does not qualify any of the terms of a written contract, is always admissible, even though it may relate to the same subject-matter.

APPEAL from an order of the superior court of Butte County denying a motion for a new trial.

The action was brought for a dissolution of a partnership and an accounting, under an agreement in writing set out at length in the complaint, and from which it appears that on the twelfth day of January, 1885, the defendant, R. M. Green, was the discoverer and owner of certain formulæ for the manufacture of medicines composed in part of the gum of the abietine tree; that at the same time the defendant and the plaintiff, J. M. Frost, now deceased, and in whose stead his administrator, John Guidery, has been substituted, owned and jointly held a contract with one Williams, for the purchase from said Williams of a grove of abietine trees; and that it was the desire of the said Green and Frost to form a company for the manufacture and sale of said medicines; that said Frost should negotiate a sale of interest in said properties, for a sum of money satisfactory to said Green, and in case of such sale Green was to be paid five thousand dollars for his property rights. Williams was to be paid his price for the grove of trees, and the balance of the purchase price was to be equally divided between Green and Frost. Frost was likewise, in the event of a sale by him, to have an undivided half-interest in the unsold portion of the property. In addition to this, Frost was to have the exclusive right to sell the remedies in the state of Ohio for one year, Green agreeing to deliver such medicine at stated prices. It was further agreed that in the event Frost should be unable to make a sale,

after the use of due diligence to that end, then, in consideration of such services, he was to be the owner of an undivided one fourth of said property rights. The answer denies the existence of a partnership; denies that Frost performed the conditions of the contract, on his part to be performed; and alleges, as a separate defense, that subsequent to the execution of the contract of January 12, 1885, and in or about the month of March, 1885, Frost associated with him one Threlfall, and jointly with said Threlfall obtained from said Green an agreement in writing, wherein and whereby the agreement of January 12, 1885, was superseded, vacated, and annulled. On the trial the defendant proposed an amendment to the answer, under the circumstances detailed in the opinion, and to the effect therein stated, which amendment was disallowed by the trial court. The evidence was confined exclusively to the question of the existence of a partnership, and the subsequently executed agreement, and the court, without directing an accounting, ordered the defendant to deliver to said plaintiff Frost a certain number of the shares of the Abietine Medical Company's stock, which had been received by Green as the purchase price of his proprietary rights. The defendant moved for a new trial, and the appeal is from an order refusing the new trial.

Further facts are stated in the opinion of the court.

*H. V. Reardan,* for the Appellant.

*John Gale,* for the Respondent.

HARRISON, J. — The plaintiff's intestate, one Frost, brought this action to obtain certain specific relief for an alleged violation of a written agreement entered into between him and the defendant, January 12, 1885. The defendant set up as one of his defenses to the action that the agreement set out in the complaint had been superseded and annulled by a subsequent written agreement, executed in March, 1885, by the plaintiff and one Threlfall on the one part, and the defendant on the other.

Upon the trial of the cause, the defendant, after having proved the execution of the subsequent written agreement, sought to show that it had been executed upon the consideration and agreement between the parties thereto that the agreement of January 12, 1885, should be canceled, and all claims of the plaintiff against the defendant thereunder waived. The plaintiff objected to this testimony, on the grounds that it was an attempt by parol evidence to vary and contradict the terms of a written instrument, and also that it was not responsive to any issues made by the pleading. The court having sustained this objection, the defendant then presented certain amendments to his answer, in order to obviate the objection that the evidence was not within the issues, which he asked leave to file. To this the plaintiff objected, upon the ground "that it is too late, that it is unconscionable, that it is taking us by surprise, and that it shows gross negligence on their part in not asking to amend before," which objections were sustained by the court.

If the defendant could establish the facts presented by these amendments to his answer, they would constitute a defense to the plaintiff's demand (*Farmers' N. G. Bank* v. *Stover,* 60 Cal. 387); and for that reason, if for no other, the court should have allowed the amendments. (*Stringer* v. *Davis,* 30 Cal. 321.) If, by reason of such amendments, the court was satisfied that the plaintiff was taken by surprise, and required further time in which to make suitable preparations for meeting such defense, it could have continued the case or postponed the further hearing until the plaintiff should have reasonable time to make such preparation, and at the same time would impose upon the defendant such terms as would compensate the plaintiff for the expense and delay caused thereby. It can very rarely happen that a court will be justified in refusing a party leave to amend his pleading so that he may properly present his case, and obviate any objection that the facts which constitute his cause of action or his defense are not embraced within

the issues, or properly presented by his pleading. This rule is especially cogent when the objection to testimony is not that it is then for the first time brought to the notice of the adversary, but that by reason of the language of the pleading it is not within the terms of the issue. The fact sought to be shown by the testimony offered on the part of the defendant was not a defense then for the first time presented in the case. The defendant had attempted to set it up as a defense in his original answer, but by reason of certain phraseology used therein, the court held, upon the objection of the plaintiff, that it did not present an issue that would render the testimony admissible; and when the defendant asked leave to amend his answer so as to obviate this ruling, the court should have granted his motion.

The evidence offered did not purport to vary or contradict the terms of the written instrument set forth in the complaint, nor did it have the effect to add any new term to that agreement. Its purpose was to show that that agreement had been canceled by mutual consent, and had no longer any operative effect. Such evidence is as admissible as is oral testimony that the terms of a written agreement have been fully performed by the parties, or that the instrument evidencing such agreement has itself been canceled and destroyed by the concurrent act of both parties. In either case the object and effect of such evidence is not to change any of the terms of the contract, but to show that the contract has no longer any existence, and therefore cannot be made the basis of an action. The objection that the written agreement could be altered only by an agreement in writing, or by an executed oral agreement (Civ. Code, sec. 1698), has no application to the facts offered to be shown. The offer was to show that the subsequent written agreement had been substituted for the original agreement, and the oral agreement of which proof was offered was the agreement to make this substitution. It was not an offer to prove an executory oral agreement, but an oral agreement that had been

fully executed by the substitution. This in effect was an offer to prove a novation. (*Farmers' N. G. Bank* v. *Stover*, 60 Cal. 387.) Neither did this testimony tend to vary or contradict the terms of the subsequent written agreement, but was merely for the purpose of showing the consideration upon which it was executed. The instrument itself was silent upon the subject of its consideration, and any evidence in reference thereto would not affect its terms or impair their validity.

After the defendant had proved the execution of the second written agreement, the witness Threlfall was asked concerning the compensation he and Frost were to receive from the defendant in case they should make the sale therein provided for; and upon the objection that this testimony would vary or contradict the terms of the written instrument, the court excluded it. The written agreement, however, made no reference to the compensation they were to receive, and the evidence sought was concerning a separate collateral agreement entered into between the parties, and was entirely independent of any of the terms of the written agreement, and the court should have allowed the question to be answered. Proof is always admissible of any collateral parol agreement, or of any independent fact which is not inconsistent with or does not qualify any of the terms of the written contract, even though it may relate to the same subject-matter.

The order is reversed.

PATERSON, J., and GAROUTTE, J., concurred.