[Civ. No. 2595. Fourth Appellate District.—February 21, 1941.]

EDWARD R. RICHTER, Respondent, v. HUGH ADAMS et al., Appellants.

J. W. Heard, Jr., for Appellants.

Frederick E. Hoar, Swaffield & Swaffield, Kenneth Sperry and Joseph E. Madden for Respondent.

MARKS, J.—This is an appeal from an amended judgment terminating defendants' interest in and to an oil and gas lease dated February 20, 1933, made by Lizzie H. Glide, lessor, to Edward R. Richter, lessee, and the leasehold interest therein described, the hydrocarbons produced from the leased property, and certain oil well and drilling equipment, and also giving plaintiff judgment for $27,888.32 for oil produced and sold from the leased property. We will refer to the leased land as the Glide property and to the well involved as Glide number 2. This is the second appeal in this case. Many of the facts are clearly set forth in the opinion on the first appeal (*Richter* v. *Adams,* 19 Cal. App. (2d) 572 [66 Pac. (2d) 226]) and need not be repeated here.

After the reversal of the first judgment the case was again set down for trial. Defendants changed their counsel just before the new trial date. The new counsel appeared on the trial date, October 13, 1937, and asked for time to familiarize himself with the case. The trial judge re-set the case for October 18, 1937, with conditions imposed.

When the cause was called for trial, counsel for defendants presented and asked leave to file amended and supplemental pleadings. The motions were denied except as to one additional defense which was interposed.

In the answer on file it was admitted that much of the oil for which plaintiff demanded payment had been produced in and from the Glide property. By one of the amendments defendants sought to withdraw this admission and place in issue the question of whether or not the oil produced from Glide number 2 was produced from the Glide property. It was alleged that the oil was not produced from the Glide property but was in fact produced from other property under lease to the Shell Oil Company and The Texas Company; that defendants had no knowledge of such facts until about April 24, 1936. Attached to the proposed answer were copies of findings of fact and conclusions of law and judgment in cases decided in the Superior Court of Kern County entitled *Shell Oil Company, a Corporation,* v. *Hugh Adams et al.,* and *The Texas Company, a Corporation,* v. *Hugh Adams et al.,* which actions had been consolidated for trial.

In that case it was found that the Shell Oil Company and The Texas Company properties adjoined the Glide property; that Glide number 2 at the surface was located 37.88

feet north and 25.58 feet east of the southwest corner of the Glide property; that the well had a total depth of 1780 feet measured from the derrick floor; that only the first 233 feet of that depth was within the Glide property; that all of the balance of the depth of the well was within the Shell Oil Company and The Texas Company properties; that all the oil and gas produced from Glide number 2 came from the structures underlying the Shell Oil Company and The Texas Company properties; that none of it came from the Glide property; that 217,460.33 barrels of petroleum of the value of $114,379.03 had been produced through Glide number 2 from the Shell Oil Company and The Texas Company properties; that the landowner's royalty had been paid and that defendants had converted the balance to their own use. Judgment was rendered against defendants for $92,376.71, the value of the oil so converted, less the landowner's royalty. Richter was not a party to this action. The findings and judgment are dated March 20, 1937. We are informed that the judgment became final and was in full force and effect at the time of the trial of this action. Other defenses were tendered in the offered pleadings which would have been good if they had been established.

██ The trial judge refused to permit the filing of this pleading. It remains for us to determine whether or not such ruling was an abuse of the discretion which the law vests in him.

The lease from Mrs. Glide to Richter gave him the right to drill for and remove hydrocarbons from the Glide property only. Of course it follows as a matter of law from such a lease that it confers no right in the lessee to produce oil from other property. (*Union Oil Co.* v. *Reconstruction Oil Co.,* 20 Cal. App. (2d) 170 [66 Pac. (2d) 1215].) This lease was assigned to Adams and of course the assignee had no greater right to trespass in the property of others than had the original lessee. The contract between Richter and Adams, from the provisions of which this action springs, provided for the payment of $8,500 from the latter to the former, and contained the following:

''Said sum shall be payable in the following manner, to-wit: Twenty-five (25) per cent of all money and proceeds received from the sale of oil, gas, other hydrocarbon substances, water, and/or all other things of value, produced, saved and sold

from said premises, or any well or wells drilled or to be drilled on said premises, after the deduction of the one-sixth landlord's royalty, shall be set aside and designated as and made a fund for the payment of said $8,500.00 to first party herein, and shall be and become the property of the first party herein.''

It seems clear that plaintiff was only entitled to payment of this $8,500 out of oil produced from the Glide property. It seems equally clear that if defendants could have established, as the plaintiffs in the oil company cases had established, that oil taken from Glide number 2 all came from other properties and that none of it came from the Glide property, plaintiff would have been entitled to no part of it and no money judgment should have been rendered in his favor. This same proposition also had an important bearing on the other phase of the case, that is, the forfeiture of defendant's interest in the leasehold. The failure to pay plaintiff his portion of the revenue from the production of the well was an important, if not a principal, ground of that portion of the judgment.

■ The rule that the amendment of a pleading immediately before or during a trial is not a matter of right but is placed within the sound discretion of the trial judge is too well established to need the citation of supporting authorities. It is equally well established that an appellate court will not interfere with the action of the trial judge unless it clearly appears that there has been an abuse of discretion. It is also true that the exercise of this discretion must be sound and reasonable and not arbitrary nor capricious. To a certain extent the measure of the soundness of the discretion used must be found in the facts of each case.

Here, it must be admitted that defendants were dilatory in seeking to amend their pleadings. The judgment in the oil company cases had become final several months before they asked leave to plead the defense which was disclosed by that judgment. However, there are some rather unusual facts appearing in this case. A new attorney had been employed by defendants just before the case was set for trial. This attorney was given five days in which to familiarize himself with the rather extensive record in the case. At the end of that time he presented his pleadings and asked leave to file them. These pleadings presented defenses which, if

established, would have been a complete defense to the action. That one of them might have been established is indicated by the judgment in the oil company cases. There it was flatly decided that the oil in question here was not produced from the Glide property. While plaintiff was not a party to that action, the judgment there rendered is a strong indication that a similar result might have been reached in this case had the amendment been permitted and similar evidence presented to that introduced in the oil company cases.

The result of the two judgments, the one before us and the one in the oil company cases, is to compel defendants to pay different parties for their one wrong in converting the same oil. While defendants should be held liable for their wrongful conversion of the oil, they should be compelled to compensate the parties actually damaged by their wrongful acts. They should not be compelled to compensate another who had not been damaged thereby. The effect of the judgment in this case is to hold that Richter was the owner and entitled to the possession of the oil produced from Glide number 2, while the effect of the judgment in the oil company cases is to hold that the Shell Oil Company and The Texas Company were the owners and entitled to the possession of the same oil. That this contradiction might result in a grave injustice is too clear for argument. Where such a result can be avoided, technicalities of the law should not be permitted to defeat justice.

We cannot escape the conclusion that the trial judge seriously erred in denying defendants the right to file the amended and supplemental pleadings. Such refusal was an abuse of judicial discretion which should not be permitted to stand under the facts of this case. The amended and supplemental pleadings should have been filed under such terms, and with such costs imposed on defendants, as were just.

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 21, 1941. Carter, J., voted for a hearing.