[Civ. No. 9388.   Third Dist.   Feb. 11, 1959.]

GEORGE SAARI, Appellant, v. JANE G. LEDDY, as Administratrix, etc., Respondent.

Hilger & Thomas, Philip Steiner and Robert K. Barber for Appellant.

Bledsoe, Smith, Cathcart, Johnson & Phelps and Woodman, Leddy & Sautter for Respondent.

PEEK, J.—This is an appeal by plaintiff from a judgment of nonsuit in an action for personal injuries arising out of an automobile accident. Suit was originally filed by the heirs of Leddy. Thereafter plaintiff filed an answer and cross-complaint. The original complaint was dismissed prior to trial, and the cause proceeded upon the cross-complaint. The motion for nonsuit by the heirs of Leddy was based solely upon the ground that the plaintiff was guilty of contributory negligence as a matter of law.

The facts show that plaintiff had stopped his car in order that his niece might transfer to another car which was parked across from him and headed in the opposite direction on what is known as the Old Arcata Road in Eureka. After his niece had alighted from his car and crossed the highway, plaintiff had proceeded north only a matter of a few feet when he observed Leddy's car approximately 200 yards away and headed toward him. He estimated Leddy's speed at that time as being from 80 to 90 miles per hour. There was other testimony of eyewitnesses who estimated the speed to be from 70 to 90 miles an hour. One expert witness, Captain Bailey of the California Highway Patrol, in answer to hypothetical questions, estimated the speed to have been 74.2 miles per hour. Leddy's car was described as "weaving back and forth . . . bouncing back and forth . . . on either side of the highway," or as Mrs. Ritola, the driver of the car into which plaintiff's niece had transferred and who witnessed the accident, testified, "fish-tailing or weaving and it was obviously out of

control.'' When Leddy's car was approximately 150 feet distant, plaintiff started a left turn. He estimated that the point of impact was somewhat over the white line; however, an investigating officer estimated the point as being three feet. The Leddy car skidded some 48 feet before its left front end collided with the left front of the plaintiff's car. There was testimony that there were approximately four feet of skid marks left by plaintiff's car, although plaintiff denied any recollection of having applied his brakes prior to the accident. The Leddy car, after striking and pushing plaintiff's vehicle approximately 63 feet, continued for some 50 feet and came to rest in a ditch. Leddy apparently was killed instantly. An autopsy performed on his body showed a blood alcohol level of 1.5 milligrams per cubic centimeter of blood, indicating that he was in fact intoxicated or at least on the borderline of intoxication. At the point where the collision occurred the Old Arcata Road was a two-lane highway, having a narrow shoulder of approximately one foot on plaintiff's right, some brush, and dropping off into a drainage ditch running parallel thereto. To plaintiff's left, that is across the highway, was a driveway. His testimony was that after seeing the Leddy car approaching he realized there was no escape to the right and sought to get across the highway and to the driveway on his left.

Upon such evidence the court concluded that plaintiff was guilty of contributory negligence as a matter of law in attempting to make a left turn across the highway in the path of the oncoming car. Plaintiff, on appeal, contends that the doctrine of imminent peril should apply, and hence the fact that he was over the center line of the highway at the time of the accident does not establish as a matter of law that he was guilty of contributory negligence. (*Hill* v. *Peres*, 136 Cal. App. 144 [28 P.2d 944].)

It is true, as defendant contends, that the doctrine of imminent peril is not available to one who, through his own negligence, places himself in a position of danger. (*Vedder* v. *Bireley*, 92 Cal.App. 52, 60 [267 P. 724].) However, from the evidence as summarized, one could reasonably infer that, faced with a sudden emergency, plaintiff's action in turning to the left in the opposite lane was an attempt to avoid the danger rather than a negligent act which placed him in danger. The fact that the Leddy car remained on its own side of the road for the last 100 yards it traveled prior to the

impact would not preclude the jury from finding that the car was out of control and that plaintiff was in danger anywhere on the highway. Whether or not plaintiff was in a position of imminent peril was a question of fact for the jury. (*Kehlor* v. *Satterlee*, 37 Cal.App.2d 116, 119 [98 P.2d 759].)

■ Where a person is suddenly placed in imminent peril without having sufficient time to consider all of the circumstances, he ". . . is required to act only as a reasonably prudent person would have acted under similar circumstances, and [he] will not be held accountable for not choosing the best or safest course. He may use such means of avoiding the danger as would appeal to a person of ordinary prudence in a like situation, without being held to a strict accountability as to whether the course chosen by him was the most judicious one." (6 Cal.Jur.2d, Automobiles, 653-654.) Or, as our courts have held: " '. . . he is excusable for omitting some precautions, or making an unwise choice, under this disturbing influence, although if his mind had been clear, he ought to have done otherwise. This is especially true if the peril is caused by the defendant's fault'; and of such case it is said, 'Even if, in bewilderment, he runs directly into the very danger which he fears, he is not in fault. The confusion of mind, caused by such negligence, is part of the injury inflicted by the negligent person.' " (*Schneider* v. *Market Street Ry. Co.*, 134 Cal. 482, 490 [66 P. 734].)

■ As noted in the cited case, if the jury could reasonably have drawn the inference (and we conclude it could) that when plaintiff turned left in front of the oncoming car, he omitted some precautions, made an unwise choice, or in bewilderment ran directly into the approaching danger of the Leddy car, and that such choice was made under the stress and confusion caused by the negligence of Leddy, then such circumstances would preclude a nonsuit, since he could not be held contributorily negligent as a matter of law.

The other questions raised by plaintiff, although meritorious, demand no discussion in view of our conclusion upon his primary contention.

The purported appeals from the order denying motion for new trial and from the order denying motion to amend the complaint are dismissed as they are nonappealable orders.

The judgment is reversed.

Van Dyke, P. J., and Schottky, J., concurred.