[Civ. No. 9866.   Third Dist.   Feb. 18, 1960.]

GEORGE SAARI, Petitioner, v. SUPERIOR COURT OF HUMBOLDT COUNTY, Respondent; JANE G. LEDDY, as Administratrix, etc., Real Party in Interest.

Hilger & Thomas, Frederick L. Hilger and Philip M. Steiner for Petitioner.

No appearance for Respondent.

Ropers, Majeski & Kane, Woodman, Leddy & Sautter, Bledsoe, Smith, Cathcart, Johnson & Phelps and William D. McDowell for Real Party in Interest.

WARNE, J., pro tem.*—The petitioner seeks a writ of mandate to compel the respondent court to permit him to file an amended complaint in an action for personal injuries, arising out of an automobile accident. By the amended complaint he would allege that the accident was due to the wilful and wanton misconduct of the driver of the other car

---

*Assigned by Chairman of Judicial Council.

involved in the accident, that is, the Leddy car. Petitioner's original complaint alleges negligence only.

The accident grew out of an automobile collision between the petitioner's car and one driven and owned by John T. Leddy, deceased. The accident occurred on March 11, 1955. The original complaint alleged negligence, the issue was joined, and the case went to trial, resulting in the granting of a nonsuit on the ground that plaintiff was contributorily negligent as a matter of law. An appeal was taken and this court reversed the judgment and at the same time dismissed the purported appeal from the trial court's order denying appellant's (petitioner herein) motion to amend his complaint to conform to the proof so as to allege wilful and wanton misconduct on the ground that such was not an appealable order. (*Saari* v. *Leddy,* 167 Cal.App.2d 799 [335 P.2d 128], filed February 11, 1959.) The motion to amend was made following the granting of the motion for a nonsuit. Thereafter, on May 25, 1959, petitioner again moved the respondent court to amend his complaint so as to allege wilful and wanton misconduct. The motion was denied and this petition for a writ of mandate followed.

Petitioner contends that the trial court abused its discretion in refusing to permit him to amend his complaint so as to allege wilful and wanton misconduct. To the contrary the real party in interest argues that the allowance or disallowance of the amendment was within the discretion of the trial court, and, furthermore, that the trial court had no alternative but to deny the motion since the proposed amendment states facts giving rise to a wholly distinct and different obligation against the real party in interest and is therefore barred by the one year statute of limitations. (Code Civ. Proc., § 340.) We feel that the contentions made by the real party in interest are without merit.

In *Barr* v. *Carroll,* 128 Cal.App.2d 23 [274 P.2d 717], a similar question to the one presented in the instant case was presented. In that case the plaintiff's original complaint alleged that while he was an invited guest in defendant's automobile he was injured by defendant's wilful and wanton misconduct. In his second amended complaint, filed almost four years after the original complaint, plaintiff alleged that he was carried and conveyed in the defendant's automobile against his will and that as an involuntary guest he was injured by the defendant's negligence. ■ In ruling that

178

the amended complaint was properly allowed, the court said:

"In determining this question it is well to bear in mind some of the general principles of law relating to amendments of complaints.

"(a) The courts are very liberal in allowing amendments in order that, if possible, no litigant be deprived of his day in court because of mere technicalities of pleading. (See *Frost* v. *Witter* (1901), 132 Cal. 421, 424 [64 P. 705, 84 Am. St.Rep. 53].)

"(b) It is well settled that the commencement of an action upon a given cause does not stop the running of the statute of limitations against a wholly different cause of action, and hence amendments attempting to set up such different cause of action should not be allowed. (*Atkinson* v. *Amador & S. Canal. Co.*, 53 Cal. 102; *Lambert* v. *McKenzie*, 135 Cal. 100 [67 P. 6]; *Ridley* v. *Young*, 64 Cal.App.2d 503 [149 P.2d 76]; *McKnight* v. *Gilzean*, 29 Cal.App.2d 218 [84 P.2d 213]; *Burnett* v. *Boucher*, 108 Cal.App.2d 37 [238 P.2d 1].) On the other hand, proper amendments to the original complaint relate back to the date of the filing of the original complaint and are not barred by the statute of limitations, even though the amendments are made subsequent to the date upon which the statute would otherwise have run. (*Frost* v. *Witter, supra*, (1901) 132 Cal. 421, 427; *Ginsberg* v. *Faraone* (1932), 126 Cal.App. 337, 342 [14 P.2d 777]; *Kirman* v. *Borzage* (1946), 75 Cal.App.2d 865, 871 [172 P.2d 90]; *Wennerholm* v. *Stanford Univ. Sch. of Med.* (1942), 20 Cal.2d 713, 717 [128 P.2d 522, 141 A.L.R. 1358].) Inconsistent causes of action may be pleaded in as many ways as plaintiff believes his evidence will support, and plaintiff may recover if one well pleaded count is supported by the evidence. (*Wells* v. *Brown* (1950), 97 Cal.App.2d 361 [217 P.2d 995]; *Froeming* v. *Stockton Elec. R. Co.* (1915), 171 Cal. 401 [153 P. 712, Ann.Cas. 1918B 408].)

"(c) The test is 'whether an attempt is made to state facts which give rise to a wholly distinct and different legal obligation against the defendant.' (*Klopstock* v. *Superior Court*, 17 Cal.2d 13, 20 [108 P.2d 906, 135 A.L.R. 318].)"

Here, as in the Barr case, *supra*, the question is whether or not petitioner's proposed amendment sets forth a distinct and different legal obligation against the defendant. When the basic facts are the same a mere change in the legal theory underlying the plaintiff's complaint will not subject

the amended complaint to the bar of the statute of limitations. (*Wennerholm* v. *Stanford Univ. Sch. of Med., supra,* p. 718; *Youngblood* v. *City of Los Angeles,* 160 Cal.App.2d 481, 489 [325 P.2d 587]; 2 Witkin, California Procedure, p. 1623.)

Petitioner's proposed amendment pertains wholly to the manner in which the injury was inflicted and actual damages are all that are sought to be recovered. The gist of the action is the claim for actual damages for personal injuries inflicted by the Leddy car, and these are the facts stated in the original complaint. Only his theory of recovery has changed.

It is suggested by the real party in interest that if the amendment is allowed she may lose the benefit of the defense of contributory negligence. If the real party in interest is deprived of the defense of contributory negligence because of the decedent's wilful and wanton misconduct she has lost nothing to which she is entitled. Under such circumstances her rights could not be prejudiced.

The case of *Lambreton* v. *Industrial Accident Commission,* 46 Cal.2d 498 [297 P.2d 9], cited by the real party in interest is not controlling in this case. In that case the Supreme Court affirmed an order of the commission dismissing a claim for the increased compensation benefits provided for by section 4553 of the Labor Code in case of serious and wilful misconduct of the employer. The commission based its decision on the ground that the claim for increased benefits was barred by the statute of limitations. (Lab.Code, § 5407.) As pointed out by the court, ". . . in proceedings before the Industrial Accident Commission, a claim for normal benefits and a claim for increased benefits by reason of serious and wilful misconduct are *not* sought upon the same general set of facts, nor do they involve merely a difference or change in legal theory. The relief sought is not the same; the legal liability is not the same; and the 'proceedings' to recover the benefits as respectively provided are recognized as being different. (Lab. Code, § 5407.) . . . Here, as shown above, the legal obligation to pay normal benefits is one obligation, while that to pay additional compensation by reason of serious and wilful misconduct is an entirely distinct and further obligation. . . ." (Pp. 504-505.) In the instant case as we have hereinabove pointed out petitioner has only changed his theory of recovery. The gist of the action is still a claim for damages for personal injuries inflicted by the Leddy car, which is also the basis upon which the original complaint was prepared.

Insofar as any ensuing trial is concerned, plaintiff's motion is timely. The fact that he may not have made a timely motion prior to the first trial is of little consequence, if any.

As stated in the case of *Morgan* v. *Superior Court,* 172 Cal.App.2d 527 at page 530 [343 P.2d 62], ''While a motion to permit an amendment to a pleading to be filed is one addressed to the discretion of the court, the exercise of this discretion must be sound and reasonable and not arbitrary or capricious. (*Richter* v. *Adams,* 43 Cal.App.2d 184, 187 [110 P.2d 486]; *Eckert* v. *Graham,* 131 Cal.App. 718, 721 [22 P.2d 44].) And it is a rare case in which 'a court will be justified in refusing a party leave to amend his pleadings so that he may properly present his case.' (*Guidery* v. *Green,* 95 Cal. 630, 633 [30 P. 786]; *Marr* v. *Rhodes,* 131 Cal. 267, 270 [63 P. 364].) If the motion to amend is timely made and the granting of the motion will not prejudice the opposing party, it is error to refuse permission to amend and where the refusal also results in a party being deprived of the right to assert a meritorious cause of action or a meritorious defense, it is not only error but an abuse of discretion. (*Nelson* v. *Superior Court,* 97 Cal.App.2d 78 [217 P.2d 119]; *Estate of Herbst,* 26 Cal.App.2d 249 [79 P.2d 139]; *Norton* v. *Bassett,* 158 Cal. 425, 427 [111 P. 253].)''

And finally, as said in the case of *Vick* v. *Grasser,* 169 Cal. App.2d 692, 701 [338 P.2d 223]: ''While it is of course true that a trial court has a broad discretion in passing upon a motion to file an amended pleading and that an appellate court will not interfere with the action of the trial court unless it clearly appears that there has been an abuse of discretion, we do not believe the term 'judicial discretion' is broad enough to sustain the court's order denying permission to file the second amended complaint. For as stated in *Jepsen* v. *Sherry,* 99 Cal.App.2d 119 [220 P.2d 819, 822], the discretion to be exercised in such a case is 'one controlled by legal principles and is to be exercised in accordance with the spirit of the law and with a view to subserving, rather than defeating, the ends of substantial justice.' ''

No other points presented require discussion.

Let a peremptory writ of mandate issue.

Van Dyke, P. J., and Schottky, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied April 13, 1960.