[Civ. No. 440. Fifth Dist. May 12, 1965.]

VIVA LEE SIMONS et al., Plaintiffs and Appellants, v. COUNTY OF KERN, Defendant and Respondent.

Goldberg, Noriega & Sullivan and Joseph F. Noriega for Plaintiffs and Appellants.

Borton, Petrini, Conron, Brown & Condley and Walter H. Condley for Defendant and Respondent.

BROWN (R.M.), J.—Plaintiffs appeal from a judgment on the pleadings dismissing their complaint for damages for personal injuries resulting from an accident in which plaintiffs' automobile and a dump truck owned by the County of Kern collided on or about August 15, 1960. Plaintiffs' verified claim presented to the County of Kern was rejected. Plaintiffs originally filed a suit on March 20, 1961, against both the driver of the dump truck, one Hopkins, and defendant County of Kern in which plaintiffs alleged that Hopkins negligently drove the county truck, with resulting injuries. The original complaint stated a first cause of action in behalf of plaintiff Simons for permissive use of the truck by Hopkins and it also alleged that the defendants carelessly, recklessly and negligently operated said dump truck and thereby caused the accident; that the direct and proximate result of the carelessness, recklessness and negligence of the defendants caused injuries and damages to the plaintiffs; that as a direct and proximate result of the collision caused by the recklessness and negligence of the defendants the plaintiffs were forced to hire physicians and surgeons; and that as a further direct and proximate result of the negligence of defendants there

were damages to an automobile. The same allegations were further contained in various paragraphs in the second cause of action in behalf of plaintiff Sharon Lee Harrington.

The individual defendant, Hopkins, was not alleged to be an employee or agent of the defendant county, but in its response to plaintiffs' request for admission of matters of fact defendant county admitted that Hopkins was an employee but denied on information and belief that he was acting within the scope of his employment at the time of the accident.

Defendant Hopkins died approximately twenty-one days after the accident and before the complaint was filed. Subsequently, the action was voluntarily dismissed as to him.

On July 5, 1962, the plaintiffs moved to amend their complaint to allege that defendant Hopkins was the agent of the defendant County of Kern, and also to amend by adding appropriate provisions alleging the presentation of the claim to the county and its rejection. The county objected to the amendment on the grounds that it introduced a new cause of action on which the statute of limitations had run. The motion was denied and an appeal from this order was dismissed. Another attempt to renew their motion for leave to amend was unsuccessfully made by plaintiffs and a petition thereafter directed to the District Court of Appeal for a writ of mandate to compel the superior court to permit the amendment was denied, without opinion. The county then made a motion for judgment on the pleadings on the ground that the original complaint does not state a cause of action, stating that the doctrine of *respondeat superior* was not available to plaintiffs for lack of any allegation of employment and agency; that the theory of liability based on the consent and permission statute is not available to the plaintiffs because the county cannot be held liable under that theory, not being engaged in a proprietary function. On the granting of this motion the plaintiffs appeal from the judgment subsequently entered and ask a review of the orders denying their motions for leave to amend.

The basic questions presented are: "Did the amended complaint state a new cause of action beyond that asserted in the original complaint?" and, "Were the allegations in the original complaint sufficient to present a triable issue and thus preclude judgment on the pleadings for the defendant county?"

It is plaintiffs' position that the amended complaint did not introduce a new cause of action, but rather, clarified or aug-

mented an imperfectly stated cause of action as set forth in the original complaint. Thus, because the county cannot be held liable as a "private owner" under Vehicle Code section 17150, with exceptions of certain proprietary functions not involved here (*Peccolo* v. *City of Los Angeles,* 8 Cal.2d 532 [66 P.2d 651]), the allegations in the complaint that Hopkins was driving with the permission and authority of the county are mere surplusage; that the only effective cause of action which the plaintiffs could have alleged against the county rests on the doctrine of *respondeat superior* as permitted by Vehicle Code section 17001.

We are familiar with the case of *McKnight* v. *Gilzean,* 29 Cal.App.2d 218 [84 P.2d 213], where the plaintiff's original complaint alleged a cause of action based on *respondeat superior* and the plaintiff sought to amend after expiration of the one-year limitation period to charge by appropriate allegations a theory of liability under the permissive use statute. Denial of the motion was upheld on the appeal on the basis that the permissive use statute created a wholly new right of action, the court stating at page 220: "It is the contention of appellants herein that the same cause of action has been pleaded throughout, and that the amendment, at most, merely perfected the cause of action already stated in the original complaint. With this contention we cannot agree. . . .

"The courts of this jurisdiction have held that section 402, *supra* [formerly 402—now section 17150 of the Veh. Code], establishes a new statutory action. In *Weber* v. *Pinyan,* 9 Cal.2d 226 [70 P.2d 183, 112 A.L.R. 407], the court, in referring to said section, stated: 'Since the imputed negligence statute created a new right of action, giving a remedy against a party who would not otherwise be liable, it must be strictly construed.' "

Substantially the same facts are involved in the case of *Burnett* v. *Boucher,* 108 Cal.App.2d 37, and the court stated at page 40 [238 P.2d 1]: "No element of permissive use was alleged and the amendment, if permitted, would have set forth a new and different cause of action, calling for proof of facts based upon a different ground of liability, the imputed negligence created by the statutory provision."

These two cases are reviewed in *Wood* v. *DeLuca,* 211 Cal. App.2d 507 [27 Cal.Rptr. 388]. The court there held that the original complaint was sufficient to raise the issue of agency and it permitted amendment to perfect and clarify it. At page 512, the court said as to the attempted amendment

to allege permissive use: "In the *McKnight* v. *Gilzean* case, *supra* [29 Cal.App.2d 218], the complaint was originally based on *respondeat superior* clearly and unequivocally stated with no hint of any intention to set up the *statutory obligation* which is a different type of obligation resultant solely from statute. The court simply ruled that the attempt to amend to reach the statutory obligation after the statute of limitations had run was an attempt to introduce an entirely new obligation and was improper."

And at page 513: "In *Burnett* v. *Boucher, supra* [108 Cal. App.2d 37], the complaint, in essence, alleged that 'the defendants' owned and operated a certain automobile and that 'defendants' so negligently operated their said automobile as to cause the collision and injuries. Amendment to set up causes of action on permissive use was disapproved because the causes actually set up charged a cause under *respondeat superior* and the permissive use was not simply a change of theory but actually a new statutory liability."

In *Esrey* v. *Southern Pac. Co.*, 103 Cal. 541 [37 P. 500], the original complaint sounded in negligence and an amendment was permitted to allege wilful and wanton misconduct. At page 546, the court said: ". . . still we do not think the cause of action has been materially altered by the amendment and consequently the plea of the statute of limitations is not well taken. The amendment pertains wholly to the manner in which the injury was inflicted, and actual damage is all that is sought to be recovered. The gist of the action is a claim of actual damages for personal injuries inflicted by defendant's moving cars, and these are the facts found stated in the original complaint."

An amendment to charge wilful and wanton misconduct was held to be proper on the basis that it was a mere change in the theory of recovery and not a new cause of action, where the original complaint was based on simple negligence. (See *Saari* v. *Superior Court*, 178 Cal.App.2d 175 [2 Cal.Rptr. 856].)

The amendments permitted in the two last cited cases did not affect or change the cause of action for personal injuries alleged to have been sustained by the plaintiff at the hands of a primary tortfeasor. They changed only the quantum of proof necessary to cause financial liability to attach to the respective defendants.

██ Under the rule of liberal construction of pleadings, the original complaint is sufficient to place in issue defend-

ant's liability as an employer. ■ California is committed to the rule of liberal construction of pleadings, with a view to substantial justice between the parties. (*Estate of Wickersham,* 153 Cal. 603 [96 P. 311]; *Smith* v. *Kern County Land Co.,* 51 Cal.2d 205 [331 P.2d 645]; Code Civ. Proc., § 452.)

■ It is unnecessary to plead modernly with the same exactness as required by common law. (*Steiner* v. *Rowley,* 35 Cal.2d 713 [221 P.2d 9]; *Ramey* v. *Myers,* 111 Cal.App.2d 679 [245 P.2d 360].) ■ Less particularity in pleading is required where it appears from the nature of the allegations that the adverse parties must necessarily possess full information concerning the facts. (*Gerritt* v. *Fullerton Union High School Dist.,* 24 Cal.App.2d 482 [75 P.2d 627]; *Corum* v. *Hartford Acc. & Indem. Co.,* 67 Cal.App.2d 891 [155 P.2d 710].)

■ In *Golceff* v. *Sugarman,* 36 Cal.2d 152 [222 P.2d 665], a judgment of nonsuit was reversed. The Supreme Court stated: "Defendant suggests that such a 'theory of proof' contemplates a cause of action different from that stated in the complaint, in that the complaint charges *defendant* with negligence whereas the proof rested upon negligence of defendant's employe. It is a generally accepted rule, however, that 'In order to state a cause of action against defendant for a wrong committed by his servant, the ultimate fact necessary to be alleged is that the wrongful act was in legal effect committed by defendant. This may be alleged either by alleging that defendant by his servant committed the act, or, without noticing the servant, by alleging that defendant committed the act.' " (P. 154.)

In the present case we have the plaintiffs noticing both of the defendants. In *Guilliams* v. *Hollywood Hospital,* 18 Cal.2d 97 [114 P.2d 1], it was held that the complaint which generally alleged negligence of the defendant hospital, was good as against a general demurrer, despite the lack of any specific allegations of negligence on the part of an employee, officer or agent. At page 103, it was said: "The other contention of defendant is that the complaint fails to allege that the servants of the hospital acted in the scope of their employment. If plaintiff had alleged a specific negligent act by a particular employee as a foundation of his cause of action against the hospital employer, such an allegation as to scope of employment might be necessary."

■ It is the general rule that amendments to pleadings should be liberally allowed. (*Tate* v. *Superior Court,* 213

Cal.App.2d 238 [28 Cal.Rptr. 548]; *Jamison* v. *Hyde,* 141 Cal. 109, 113 [74 P. 695].) Once the issues have been joined, a party may amend his pleadings only by leave of court, and the court may permit such amendment "in furtherance of justice." (Code Civ. Proc., § 473.) ▮ Where an amendment does not introduce a new cause of action but merely adds matters to make the cause of action complete, the amendment relates back to the time of filing the original complaint and is not barred, although the period of limitations has expired. (*Jones* v. *Wilton,* 10 Cal.2d 493 [75 P.2d 593]; *Doolittle* v. *McConnell,* 178 Cal. 697, 701 [174 P. 305].) ▮ A mere change in legal theory does not prevent an amendment from relating back but an amendment does not relate back if it sets forth " 'a wholly different legal liability or obligation.' " (*Austin* v. *Massachusetts Bonding & Ins. Co.,* 56 Cal.2d 596, 600-601 [15 Cal.Rptr. 817, 364 P.2d 681].) In the *Austin* case, the complaint alleged that the defendants, including those sued under fictitious names, did certain specified things, and after the statute had run the plaintiff filed an amended complaint substituting Massachusetts Bonding in place of one of the fictitious names and charged that Massachusetts Bonding executed the surety bond of the defendants who were charged with certain defalcations. The Supreme Court further reiterated the modern rule set forth in *Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713, 717-718 [128 P.2d 522, 141 A.L.R. 1358], permitting relation back of amendments based on the same general set of facts, and the *Wennerholm* opinion concluded that no different cause of action was stated where the amendment did not essentially change the factual situation upon which recovery was predicated.

In discussing the *Austin* case, *supra,* B. E. Witkin states, in California Procedure, 1963 Supplement, at pages 465-466, that "The fact that the amendment actually changes the cause of action is no longer a ground for routine rejection; . . ." It is stated in *Landis* v. *Superior Court,* 232 Cal.App.2d 548, 556 [42 Cal.Rptr. 893]: "For purposes of amendment, the *Austin* case, *supra,* holds that the term 'cause of action' includes any claim based on the same 'general' set of facts." In that case a writ of mandate issued to compel the superior court to grant leave to amend a complaint. The proposed amendment added allegations for grounds for reformation of a written contract after the statute of limitations had run barring reformation. It was said that while sometimes re-

ferred to as a "cause of action," reformation is merely one of several remedies for a single wrong; that where a cause of action is based on failure to perform the intended agreement, the plaintiff may seek reformation and, in addition, damages for breach, specific performance, etc.

In *Daum* v. *Superior Court*, 228 Cal.App.2d 283 [39 Cal. Rptr. 443], a writ of mandate issued to compel the superior court to permit amendment of a complaint stating a cause of action sounding in contract to add allegations relating to anticipatory breach and excuse of conditions. The court held that courts should indulge in great liberality in permitting amendments so that no litigant is deprived of his day in court because of technicalities; that the right to amend should be denied if a change is made in the liability sought to be enforced or if it clearly appears that no basic right exists or no relief can possibly be granted; and that if the facts alleged in the complaint indicate that a plaintiff is entitled to damages of some type, it is not fatal error that his original pleading is based on an incorrect theory and the amendment should be allowed.

There could be no prejudice to the defendant on the ground that defendant Hopkins is deceased. This occurred a short period of time after the accident, prior to the presentation of the claim, so the county would have been in the same position at the time of the commencement of this action as if a perfect cause of action on the theory of *respondeat superior* had been stated, or will be, now, if the amendment is permitted.

In turning once again to the complaint, with the modern, liberal test in mind, it will be noted that the basic cause of action is one in which the plaintiffs sustained injuries. While it is alleged that Hopkins was driving the truck with the consent and authority, express or implied, of the county, these allegations are sufficient to state a theory of recovery against the county under the permissive use statute. But the complaint goes on to allege that the defendants negligently operated the truck and that the proximate result was due to the carelessness, etc. of the defendants. This language is very close to the language pleaded in the *Wood* v. *DeLuca* case, *supra,* 211 Cal.App.2d 507, which was held to be sufficient to state a cause of action although imperfectly stated, under the theory of *respondeat superior.* It may be true that under this construction, the original complaint stated two causes of action—one statutory and one common law—not separately stated, but common law and statutory

negligence need not be pleaded in separate counts. (*Smith* v. *McLaughlin,* 81 Cal.App.2d 460, 464 [184 P.2d 177].)

We have concluded that the trial court was in error in denying the plaintiffs the right to amend the complaint. (Code Civ. Proc., § 576.)[1]

The judgment is reversed with directions to the trial court to permit the filing of the proposed amended complaint, and for further proceedings.

Conley, P. J., and Stone, J., concurred.

A petition for a rehearing was denied June 9, 1965, and respondent's petition for a hearing by the Supreme Court was denied July 7, 1965.

---

[1] Code of Civil Procedure section 576 permits the judge at any time before or after commencement of the trial in the furtherance of justice, and upon such terms as may be proper, to allow amendments of any pleading or pretrial conference order. (See State Bar J., vol. 38, pp. 669-670.)